UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ELDORADO BROWN,<br>Plaintiff,<br>v.<br>WASHINGTON STATE DEPARTMENT OF CHILDREN YOUTH AND FAMILIES, et al..,<br>Defendants. | CASE NO. 2:26-CV-1389-JNW-DWC<br><br>ORDER ON MISCELLANEOUS MOTIONS AND FOR SERVICE |

Plaintiff Eldorado Brown, proceeding *pro se*, initiated this lawsuit on April 9, 2026. Dkt. 1. Plaintiff paid the filing fee and his Complaint was filed on May 22, 2026. *See* Dkt. 8. At this time, Plaintiff has not served the Complaint and this Court has directed him to show cause why the matter should not be dismissed for failure to serve. *See* Dkt. 14. Plaintiff has now filed multiple motions seeking relief related to this lawsuit. After consideration of the relevant record, the Court grants Plaintiff's Motion to Serve (Dkt. 22) and denies Plaintiff's Motion for the Parties to Enroll in Securus (Dkt. 19), Motions for Extension of Time (Dkts. 17, 21, 23), and Motion on Jurisdiction (Dkt. 20). The Clerk's Office is directed to serve the Amended Complaint

in a manner consistent with this Order and the Amended Complaint will be deemed timely served.

**I. Motion for Parties to Enroll in Securus (Dkt. 19)**

Plaintiff seeks an order requiring the parties and the Court to enroll in Securus Technology for all communications. Dkt. 19. Plaintiff states the Washington State Department of Corrections contracts with Securus Technologies to provide telephone and electronic messaging services to inmates. *Id*. Plaintiff requests the Court and parties be directed to create accounts to communicate with Plaintiff. The Court declines to require parties to create Securus accounts to communicate with Plaintiff. Plaintiff is required to use the prisoner e-filing process to file documents and pleadings. The Court notes the parties may privately agree to different methods of communication. Plaintiff's Motion (Dkt. 19) is denied.

**II. Motion to Serve (Dkt. 22)**

Plaintiff is proceeding *pro se*. In the Motion to Serve, Plaintiff requests the Court order service pursuant to Federal Rule of Civil Procedure 4(c)(3) and Local Rule 4(c). Dkt. 22. Plaintiff is incarcerated and he states he has limited access to the courts and supplies. *Id*. The Court has considered the relevant record and concludes service by the Court is appropriate in this matter due to Plaintiff's in-custody status. Accordingly, Plaintiff's Motion to Serve (Dkt. 22) is granted and the Complaint will be deemed timely served.

**III. Motions for Extension of Time (Dkts. 17, 21, 23)**

Plaintiff has filed three motions for extension of time related to serving this lawsuit. Dkts. 17, 21, 23. In the first motion, Plaintiff states the defendants are not prejudiced and are on notice of the lawsuit. Dkt. 17. He states he will serve the lawsuit within thirty (30) days of the date of the Court grants his motion. *Id*. The second motion does not request relief but merely states it is a

notice to all parties that a motion will be held "on the above date" and oral argument is requested. Dkt. 21. In the final motion, Plaintiff requests a forty-five (45) day extension to respond to the Court's Show Cause Order directing him to show cause why the case should not be dismissed for failure to timely serve or to file a motion for extension of time to serve. Dkt. 23. As the Court has granted Plaintiff's Motion to Serve, the Court finds the Complaint will be deemed timely served and any request for an additional extension of time is moot. Therefore, Plaintiff's motions for extensions of time (Dkts. 17, 21, 23) are denied.

**IV. Motion on Jurisdiction (Dkt. 20)**

In the Motion for the Court to Rule on Jurisdiction or Transfer to State Court, Plaintiff requests the Court determine it has jurisdiction over this matter. Dkt. 20. Plaintiff appears to state he filed an amended complaint divesting this Court of jurisdiction. *Id*. Plaintiff requests the Court determine that diversity jurisdiction exists because the amount in controversy exceeds $75,000; however, there is no diversity among the parties. *Id*. In the alternative, Plaintiff requests the Court remand this matter to state court. *Id*.

First, a review of the Amended Complaint shows Plaintiff is suing Defendants for violations of his Constitutional rights. Dkt. 10. Therefore, it appears Plaintiff is invoking jurisdiction pursuant to a federal question. Second, the Court cannot hear this matter if it does not have jurisdiction and cannot waive the jurisdictional requirement. Third, as Plaintiff initiated this case in federal court, this case cannot be remanded to state court. Plaintiff may voluntarily dismiss this action and refile it in state court. For these reasons, Plaintiff's Motion on Jurisdiction (Dkt. 20) is denied.

**V. Order for Service**

The Court, having reviewed plaintiff's Amended Complaint and granting Plaintiff's Motion to Serve, hereby ORDERS as follows:

(1) Service by Clerk

The Clerk is directed to send the following to Defendants Washington State Department of Children Youth and Families Juvenal Rehabilitation Services (JRA), Maple Lane School, Miranda Ross by first class mail: a copy of plaintiff's amended complaint, a copy of this Order, two copies of the notice of lawsuit and request for waiver of service of summons, a waiver of service of summons, and a return envelope, postage prepaid, addressed to the Clerk's Office.

(2) Response Required

Defendant(s) shall have **thirty (30) days** within which to return the enclosed waiver of service of summons. A defendant who timely returns the signed waiver shall have **sixty (60) days** after the date designated on the notice of lawsuit to file and serve an answer to the complaint or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure.

A defendant who fails to timely return the signed waiver will be personally served with a summons and complaint, and may be required to pay the full costs of such service, pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure.

(3) Filing and Service by Parties, Generally

All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system. Counsel are directed to the Court's website, www.wawd.uscourts.gov, for a detailed description of the requirements for filing via CM/ECF. Plaintiff shall file all documents electronically. All filings must indicate in the upper right hand corner the name of the magistrate judge to whom the document is directed.

Any document filed with the Court must be accompanied by proof that it has been served upon all parties that have entered a notice of appearance in the underlying matter. Plaintiffs subject to the Court's E-Filing Initiative shall indicate the date the document is submitted for e-filing as the date of service.

(4) Non-State Defendants

As a registered user of the Court's electronic filing system, you must accept electronic service of all court filings (**except** original service of a complaint) by prisoner litigants housed at facilities actively engaged in the Prisoner E-Filing Initiative. Prisoner litigants incarcerated at facilities actively engaged in the Prisoner E-Filing Initiative are no longer required to serve their court filings on the Court or defendants by mail. Service by mail of your court filings to prison litigants housed in facilities actively engaged in the Prisoner E-Filing Initiative is also no longer required.

(5) Motions, Generally

Any request for court action shall be set forth in a motion, properly filed and served. Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document. The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the Court's motion calendar.

Stipulated and agreed motions, motions to file over-length motions or briefs, motions for reconsideration, joint submissions pursuant to the option procedure established in LCR 37(a)(2), motions for default, requests for the clerk to enter default judgment, and motions for the court to enter default judgment where the opposing party has not appeared shall be noted for consideration on the day they are filed. *See* LCR 7(d)(1). All other non-dispositive motions

shall be noted for consideration no earlier than 21 days after filing and service of the motion. *See* LCR 7(d)(3). All dispositive motions shall be noted for consideration no earlier than 28 days after filing and service of the motion. LCR 7(d)(4).

For electronic filers, any opposition to a non-dispositive motion shall be filed and received by the moving party no later than 15 days after the filing date of the motion, and any reply shall be filed and received by the opposing party no later than 21 days after the filing date of the motion. LCR 7(d)(3). Any opposition to a dispositive motion by an electronic filer shall be filed and received by the moving party no later than 21 days after the filing date of the motion and any reply shall be filed and received by the opposing party no later than 28 days after the filing date of the motion. LCR 7(d)(4).

If a party (i.e. a *pro se* litigant and/or prisoner) serves an opposition by mail, the deadline for filing and serving such opposition shall be 3 days earlier than the deadlines provided in LCR 7(d)(3) and 7(d)(4).

(5) <u>Motions to Dismiss and Motions for Summary Judgment</u>

Parties filing motions to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure and motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure should acquaint themselves with those rules. As noted above, these motions shall be noted for consideration no earlier than 28 days after filing and service of the motion.

Defendants filing motions to dismiss or motions for summary judgement are advised that they MUST serve *Rand* and *Wyatt* notices concurrently with motions to dismiss and motions for summary judgment so that *pro se* prisoner plaintiffs will have fair, timely and adequate notice of what is required of them in order to oppose those motions. *Woods v. Carey*, 684 F.3d 934, 941 (9th Cir. 2012). The Ninth Circuit has set forth model language for such notices:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added); *see Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003) (extending the fair notice requirement to motions to dismiss for failure to exhaust administrative remedies).

Defendants who fail to file and serve the required *Rand* and *Wyatt* notices on plaintiff may have their motion stricken from the Court's calendar with leave to re-file.

(6) Direct Communications with District Judge or Magistrate Judge

No direct communication is to take place with the District Judge or Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk.

(7) The Clerk is directed to send copies of this Order and the Court's *pro se* instruction sheet to plaintiff. The Clerk is further directed send a copy of this Order and a courtesy copy of plaintiff's amended complaint to Washington State Attorney General's Office, by first-class mail.

## VI. Conclusion

For the above stated reasons, Plaintiff's Motion for the Parties to Enroll in Securus (Dkt. 19), Motions for Extension of Time (Dkts. 17, 21, 23), and Motion on Jurisdiction (Dkt. 20) are denied. Plaintiff's Motion to Serve (Dkt. 22) is granted and the Amended Complaint will be deemed timely served. The Clerk's Office is directed to serve the Amended Complaint in a manner consistent with this Order.

Dated this 23rd day of September, 2026.

David W. Christel
United States Magistrate Judge